**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **OLE K. NILSSEN and GEO FOUNDATION, LTD.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 3:04-0080** |
| **UNIVERSAL LIGHTING TECHNOLOGIES, INC.,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **Defendant.** | ) | |

**MEMORANDUM**

Plaintiffs Ole K. Nilssen ("Nilssen") and Geo Foundation, Ltd. ("Geo") (collectively, "plaintiffs") filed suit in the Northern District of Illinois in February 2003 against defendant Universal Lighting Technologies, Inc. ("ULT"), alleging patent infringement and seeking various damages. Before the Court now is ULT's Motion to Dismiss the claims asserted by Nilssen on the grounds that Nilssen is not a real party in interest and therefore fails to state a claim upon which relief can be granted (Doc. No. 64). Some detail regarding the tortuous path this case has traveled thus far may be helpful to set the stage for this motion.

ULT first filed a Rule 12(b)(6) motion to dismiss the claims asserted by Nilssen in October 2003 in the Illinois court. That motion was denied as moot when the Northern District of Illinois granted ULT's motion to transfer the case to the Middle District of Tennessee in January 2004. On March 31, 2004, ULT re-filed the present motion to dismiss and supporting memorandum (Doc. No. 65) in this Court, asserting as it had in its original motion to dismiss that Nilssen was not a real party in interest and therefore lacked standing to bring the claims asserted in the complaint. Nilssen filed a response in opposition to defendant's motion (Doc. No. 80), and ULT filed a reply brief (Doc. No. 95).

During the same time frame, Nilssen filed a motion to re-transfer the case back to the Northern District of Illinois. In May 2004, this Court granted the motion in light of the evidence of Nilssen's poor health at the time. Given the re-transfer, this Court expressly declined to rule on the pending motion to dismiss, leaving consideration of it to the Northern District of Illinois. The Illinois court, however, transferred the case back to this Court in November 2004—on the basis of new evidence suggesting Nilssen was actually not too ill to travel—without having considered the motion to dismiss. The motion

was therefore reinstated on this Court's docket effective December 17, 2004.

Although ULT characterizes its motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, plaintiffs contend the motion is more properly construed as a Rule 56(b) motion for summary judgment since ULT has submitted and relied upon matters outside the pleadings. See Fed. R. Civ. P. 12(b) and 56(b). In fact, the motion is more appropriately deemed a motion under Rule 21 for dismissal of a misjoined party, since ULT basically asserts that Nilssen has no interest to protect in this dispute. See Fed. R. Civ. P. 21; 4 Moore's Fed. Prac. § 21.02(1) (3d Ed. 2005) (hereinafter "Moore's") (including within definition of "misjoinder" situations in which a case includes as a party a person who has no interest in the dispute). Regardless of how ULT's motion is characterized, it will be DENIED for the reasons set forth below.

## I. FACTUAL ALLEGATIONS

Nilssen is in the business of developing and implementing new business technologies in the field of electronics. (Compl. ¶ 12.) He is the owner of numerous patents (the "Patents"), as set forth in his complaint. (Compl. ¶ 13.)

Effective January 1, 2000, Nilssen and Geo entered into an Exclusive Master License Agreement ("Agreement") pursuant to which Nilssen, as owner of the Patents, granted to Geo "the exclusive worldwide right and license to use the Licensed Patents in any legal manner whatsoever, particularly including the prosecution, improvement, maintenance, marketing, exploitation, policing, enforcement, defense, and/or sub-licensing (including sub-licensing the right to make, use and/or sell products) thereof." (Agreement § 2.1, Ex. 2 to Def.'s Mot. Summ. J.) In exchange for the grant of this license, Geo agreed to submit payment to Nilssen, at the end of each calendar year during which the Agreement remained in effect, in an amount equal to twenty-five percent of the sum of all royalty payments received by Geo during the preceding calendar year. (Agreement § 3.2.)

Despite the breadth of the rights conveyed to Geo by the quoted language, the Agreement nonetheless imposes several limitations upon those rights. First, Geo expressly agreed that it would "not engage directly in the business of manufacturing and/or marketing any products covered by any of the Licensed Patents . . . except on the basis of an express written agreement with [Nilssen]." (Id.

§ 2.2.) Geo is also required to "aggressively (i) pursue all commercially significant opportunities to sub-license the Licensed Patents, and (ii) prosecute all commercially significant infringers of the Licensed Patents," at least within the limits of the financial resources obtained by virtue of the Agreement. (Id. § 2.5.) With respect to litigation involving the Patents, the parties expressly contemplated that Nilssen would participate in any enforcement actions, as evidenced by Nilssen's agreement to "execute such documents and perform such acts as are reasonably necessary to . . . enforce and/or otherwise protect the Licensed Patents, including . . . joining and participating in legal proceedings and other dispute resolution." (Id. § 2.7.) Finally, while the Agreement allows Nilssen to assign any or all of his rights and obligations under the Agreement without Geo's permission (id. § 8.1), Geo may not assign without Nilssen's permission (id. § 8.2). The import of these limitations on Geo's rights under the Patents is addressed below.

## II. ANALYSIS

### A. Standard of Review

As indicated above, the Court will treat ULT's motion as one to dismiss a party for misjoinder under Rule 21 of the Federal Rules of Civil Procedure, which permits courts to add or drop parties "on such terms as are just." Fed. R. Civ. P. 21. Generally speaking, the decision whether to grant or deny a motion to dismiss for misjoinder lies within this Court's sound discretion, which should be guided by the standards governing permissive joinder set forth in Rule 20 of the Federal Rules of Civil Procedure and by principles of fundamental fairness and judicial efficiency. See Michaels Bldg. Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) ("The manner in which a trial court handles misjoinder lies within that court's sound discretion."); Independent Liberty Life Ins. Co. v. Fiduciary and Gen. Corp., 91 F.R.D. 535, 537 (W.D. Mich. 1981) (noting that "[j]oinder of parties is a matter highly dependent on judicial discretion" and that the purpose of Rule 20 is "to avoid multiple lawsuits, except where a showing of oppression, prejudice or delay is made") (internal quotation omitted).

Because this case involves allegations of patent infringement, however, consideration of whether Nilssen may appropriately remain a party to this suit is also subject to statutory provisions—and case law construing the statutes—governing the question of who has standing to bring

a patent-infringement lawsuit. Cf. FFOC Co. v. Invent A.G., 882 F. Supp. 642, 657 (E.D. Mich. 1994) (noting that, "[w]hile an analysis of whether certain parties are to be joined [as necessary parties] is governed by Rule 19, the rules for joinder of parties in patent cases are somewhat tailored to the intricacies of patent law").

**B. Whether Nilssen Is a "Proper" Party In This Litigation**

The sole issue raised by ULT is whether Nilssen has standing to bring the claims asserted in the Complaint. Citing Rule 17(a) of the Federal Rules of Civil Procedure, ULT contends that Nilssen is not a "real party in interest" with respect to the patent-infringement claims because Nilssen allegedly assigned ownership of the Patents to Geo. The parties agree that if Nilssen granted Geo a license only, then Nilssen is a proper party to this case. The parties further appear to agree that if Nilssen assigned Geo all right, title and interest in the Patents, then Nilssen lacks standing to bring the claims in this action. Nilssen argues, however, that the Agreement at issue was a conveyance of fewer than all substantial rights under the Patents and that he therefore has standing to participate in this litigation.

What the parties appear not to have understood is that a determination of whether Nilssen conveyed to Geo an ownership interest in the Patents sufficient to permit Geo to bring suit in its own name without joining Nilssen as a party is not necessarily dispositive of the issue of whether Nilssen is permitted to participate in this action. In other words, the question presented here is not whether Nilssen is a *necessary* party, as defined by Rule 19(a), but simply whether he is an appropriate or *proper* party to these proceedings under Rule 20(a). Since the distinction between proper and necessary parties is critical to the resolution of this motion, we address it first, below, and then turn to the issue of whether under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, Nilssen is a proper party to these proceedings.

**(1) The Intersection of Rules 19, 20, and 21**

Rule 19, of course, defines a necessary party as (1) a person in whose absence "complete relief cannot be accorded among those already parties," or (2) a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of

the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). A necessary party who cannot be made a party to the relevant proceedings will be considered "indispensable" instead of merely "necessary" if the court determines that, "in equity and good conscience," the action should be dismissed rather than proceed among the parties already before the court. Fed. R. Civ. P. 19(b).

Rule 20, on the other hand, is by its terms permissive rather than mandatory: It sets forth standards for determining who *may* be—but *is not required* to be—joined in a particular case. Moore's § 20.02(6)(b). Rule 20 imposes two specific requirements for the permissive joinder of a co-plaintiff, whether before or after the initial filing of a complaint: (1) a right to relief must be asserted by each plaintiff relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a); Michaels Bldg. Co., 848 F.2d at 682.

Rule 21, for its part, provides a mechanism for applying Rules 19 and 20, as it permits the court to add parties considered either necessary or proper but who were not joined in the original action, and to dismiss misjoined parties. So, for example, if a party who is joined as a plaintiff has no actual stake in the dispute and thus does not meet the requirements for permissive joinder under Rule 20,[1] the Court may on its own or upon a motion filed by any party dismiss the misjoined party pursuant to Rule 21. Moore's § 21.02(1); cf. Fed. R. Civ. P. 20(a) and 21; Karmanos v. Baker, 617 F. Supp. 809, 814 (E.D. Mich. 1985) (holding that where permissive joinder was not appropriate under Rule 20, the court had authority to dismiss the misjoined plaintiff under Rule 21). As a matter of common sense, a party who is properly joined under Rule 20 is not subject to dismissal under Rule 21 simply by virtue of the fact that he would not be considered either necessary or indispensable as defined by Rule 19.

While the decision to grant or deny a Rule 21 motion to dismiss a party for misjoinder is discretionary, there is a presumption in favor of construing Rule 20 liberally to entertain a broad scope

[1]Rule 17, cited by ULT, provides that "every action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). There are obviously exceptions to that rule, such as when a party is authorized by statute to sue in his own name without joining the party for whose benefit the action is brought. Id. Generally speaking, a "proper" party is by definition one who is a real party in interest.

of litigation, so long as that scope remains consistent with the fair administration of justice for all parties. See Independent Lib. Life Ins. Co., 91 F.R.D. at 537–38 (noting the broad construction given Rule 20). The purpose of Rule 20 is to promote efficiency, as joining all interested parties in one proceeding encourages resolution of the dispute, avoids overlapping litigation, and ensures that a single judgment binds all interested parties, thereby avoiding inconsistent outcomes and multiple litigation. See Moore's § 20.02(1)(a).

The Federal Rules of Civil Procedure are, of course, procedural rather than substantive. See Fed. R. Civ. P. 82. Thus, for a complete picture of the issue of standing and qualification of a party as a real party in interest in this patent-infringement action, we turn next to the issue of standing under the Patent Act.

**(2) The Question of Standing Under the Patent Laws**

Under the Patent Act, only a "patentee" may bring an action for infringement. 35 U.S.C. § 281 (1994). The term "patentee," however, "includes not only the patentee to whom the patent was issued, but also the successors in title to the patentee." 35 U.S.C. § 100(d). An assignment of substantially all rights and interests under a patent effectively constitutes a transfer of title in the patent, which confers constitutional standing on the assignee to sue another for patent infringement in his own name. 35 U.S.C. § 261 (1994); Waterman v. Mackenzie, 138 U.S. 252, 256 (1891); Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1030 (Fed. Cir. 1995). Conversely, a nonexclusive license or "bare" license—a covenant by the patent owner not to sue the licensee for making, using, or selling the patented invention and under which the patent owner reserves the right to grant similar licenses to other entities—confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit with the patentee, because a bare licensee suffers no legal injury from infringement. Ortho Pharm. Co., 52 F.3d at 1031; Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1552 (Fed. Cir. 1995). Falling between these two extremes is an exclusive license, which does not convey *all* "substantial rights," but conveys sufficient rights upon the grantee that he may file suit in his own name as long as the patentee is also named as a plaintiff. Intellectual Property Dev., Inc. v. TCI Cablevision of Cal., Inc., 248 F.3d 1333, 1344–47 (Fed. Cir. 2001).

In fact, much of the case law on this topic, including all of the cases cited by plaintiffs in their opposition to ULT's motion to dismiss, concerns whether the *grantee* of certain rights under a patent is a proper plaintiff in an infringement action—that is, whether the grantee has standing to sue in his own name at all, as either an assignee or exclusive licensee, and whether the grantee must also join the grantor as a co-plaintiff.[2] That line of cases is of minimal relevance to the issue presented here, which is whether the *grantor* is a proper party at all.

In that regard, the (unpublished) cases cited by ULT in its court filings are closer to the target but still not precisely on point. In the first, Biovail Laboratories, Inc. v. Torpharm, Inc., No. 01 C 9008, 2002 WL 31687610 (N.D. Ill. Nov. 26, 2002), plaintiff and counter-defendant TWFC, Inc. ("TWFC") filed a motion seeking to be dismissed from the action for misjoinder under Rule 21. As grounds for the motion, TWFC claimed that it was no longer the legal owner of the patents-in-suit, because it had entered into a formal assignment agreement with co-plaintiff Biovail Laboratories, Inc. ("Biovail") pursuant to which Biovail became the sole legal owner of the patents-in-suit approximately one month after the lawsuit had been filed. The agreement in question specifically stated that TWFC would "sell[], assign[ ], transfer[ ], convey[ ] and deliver to Assignee all of its legal right, title and interest in and to the Patents free and clear of all liens, claims, charges or encumbrances other than Permitted Encumbrances." Id. at *2.

The court granted the motion, finding that TWFC was no longer a necessary party, stating:

> It is well-settled that the owner of a patent is generally a necessary and indispensable party in an action charging an infringement of that patent. . . . A corollary to this rule is that, in the event of a complete assignment of title to a patent, only the assignee of the patent or the assignee's exclusive licensee has standing to claim protection rights under the patent.

---

[2]The cases cited by plaintiffs include: Waterman, 138 U.S. at 255 (holding that a licensee of certain rights under a patent does not have the right to sue alone for its infringement); Intellectual Property Dev., 248 F.3d at 1344–47 (holding that the grantee of certain patent rights was an exclusive licensee who had standing to sue for patent infringement in its own name but the patentee was required to be named as a plaintiff as well); Abbott Labs. v. Diamedix Corp., 47 F.3d 1128 (Fed. Cir. 1995) (same); Biagro W. Sales Inc. v. Helena Chem. Co., 160 F. Supp. 2d 1136 (E.D. Cal. 2001) (same); Raber v. Pittway Corp., No. C-91-2399-JPV, 1992 WL 219016 (N.D. Cal. May 4, 1992) (dismissing case on summary judgment upon finding that plaintiff licensee had no standing to sue alone); REFAC Intern., Ltd. v. VISA USA, Inc., No. C-89-2198-DLJ (ENE), 1990 WL 130032 (N.D. Cal. June 26, 1990) (same); Calgon Corp. v. Nalco Chem. Co. 726 F. Supp. 983 (D. Del. 1989) (same, and allowing plaintiff to amend complaint to add owner of patent as plaintiff).

Id. at *1 (internal citations and quotations omitted). In reaching its holding, the court quoted with approval language from a factually similar case from the Northern District of Texas in which that court stated:

> A party which assigns all of its rights and interests under a patent *should not be compelled* to litigate an infringement action merely because it was the patent owner on the day suit was filed and for a few days thereafter. A party which divests itself of all of its interest in a patent does not have a sufficient stake in the outcome of the controversy to *require* that it remain a party. Any other result would exalt form over substance.

Id. at *3 (emphasis added) (quoting Proctor & Gamble Co. v. Kimberly-Clark Corp., 684 F. Supp. 1403, 1407 (N.D. Tex. 1987)).

The holding in Biovail—as well as that in Proctor & Gamble—is off-point because (1) the court's conclusion largely hinged upon the fact that the original patentee had *unequivocally* assigned title to the patents-in-suit to a third party, and (2) the issue in dispute was not whether the original patentee was *permitted* to be a party but whether it was *required* to remain a party even where it did not wish to be involved and had expressly and formally assigned all its rights and interests in the patents-in-suit to its co-plaintiff.

In the second case cited by ULT in support of its motion, Kronos, Inc. v. AVX Corp., No. CIV-91-386C, 1992 WL 300812 (W.D.N.Y. March 12, 1992), the plaintiff had filed suit for patent infringement against three different defendants and then moved to realign one of the defendants as a plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure. The plaintiff claimed that one of the three defendants was the owner of the patents allegedly being infringed in this case, and was required to be named as a plaintiff since only the owner of a patent may sue for its infringement. The court denied the motion and dismissed the case upon a finding that the plaintiff, like the plaintiff who sought dismissal in Biovail, had explicitly and formally assigned all its "right, title and interest" in the patents-in-suit to the defendant whom it sought to join as a co-plaintiff, and therefore lacked standing to proceed with its infringement claims. Id. at *2 (citing Gilson v. Republic of Ireland, 606 F. Supp. 38, 41 (D.D.C.1984), aff'd, 787 F.2d 655 (D.C. Cir. 1986)). That holding is likewise inapposite here, particularly given the unequivocal nature of the assignment and the party alignment in that case.

In fact, this Court is not aware of any case in which a defendant in a patent-infringement action

has sought the dismissal of a possible legal owner of the patents-in-suit, perhaps because it is generally in a defendant's best interest to have joined all possible plaintiffs who might have claims against him arising out of the same alleged infringement.[3] Nonetheless, given all these considerations as a backdrop, the Court will now consider whether Nilssen is a proper party in this case.

**(3) Application of the Law to the Facts**

As discussed above, only a "patentee" may bring an action for infringement, 35 U.S.C. § 281, but the term "patentee" "includes *not only* the patentee to whom the patent was issued, *but also* the successors in title to the patentee," id. § 100(d) (emphasis added). The wording of the statute itself suggests that *even if* Nilssen had effected a complete assignment to Geo of all his right, title and interest in the Patents, he would still have standing to sue as, at least, a nominal party. Cf. Fed. R. Civ. P. 17(a) ("[A] party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.").

Moreover, although ULT claims that Nilssen is not a real party in interest because he has allegedly assigned all substantial rights under the Patents to Geo, the terms of the Agreement indicate that Nilssen, at a minimum, retained sufficient rights under the Patents to qualify as a real party in interest in this suit (regardless of whether sufficient rights were assigned to Geo that Geo might have been permitted to bring suit solely in its own name, without joining Nilssen). For instance, the Agreement contemplates that Nilssen will, to some extent, have the ability to control the course of this or any other patent-infringement litigation, since Geo is required to "aggressively . . . prosecute all commercially significant infringers of the Licensed Patents." (Agreement § 2.5.) Further, Geo does not have a right to assign its rights under the Agreement without Nilssen's permission and, although it has

[3]Other courts have acknowledged, albeit without reaching the precise issue before us, that a patentee who has assigned all his rights under a patent may nonetheless maintain his status as a *proper* party even if he is not a *necessary* party. See, e.g., FFOC Co. v. Invent A.G., 882 F. Supp. 642, 657–58 (E.D. Mich. 1994) ("When a patentee has assigned his entire interest to a third party assignee, the patentee is at most, a proper party.") (citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civil § 1614, at 212–13), and Hook v. Hook & Ackerman, Inc., 187 F.2d 52, 54 n.7 (3d Cir.1951) (stating in dicta: "Patentees who have parted with all ownership by assignment are not indispensable parties, although they may be necessary parties who should be made parties if that can be done without depriving the court of jurisdiction.")).

the ability to sub-license without permission, it apparently does not have the right to grant royalty-free sub-licenses, since it is also required under the Agreement to "aggressively . . . pursue all commercially significant opportunities to sub-license the Licensed Patents." (Id. § 2.5.) The Agreement also indicates that the plaintiffs assumed Nilssen would participate in any enforcement actions, as evidenced by his agreement to "execute such documents and perform such acts as are reasonably necessary to . . . enforce and/or otherwise protect the Licensed Patents, including . . . joining and participating in legal proceedings and other dispute resolution." (Id. § 2.7.) In addition, Nilssen has a financial interest in this lawsuit by virtue of the fact that, under the Agreement, he is to receive annually a portion of all revenues generated by the Patents and collected by Geo, and therefore will benefit from any damages award obtained in this litigation. (Id. § 3.2.) While the mere fact that a patentee retains the right to receive royalties has been deemed insufficient to support a finding that the patentee remains a *necessary* party in a patent-infringement case,[4] that interest alone is likely sufficient to render him a *proper* party under the circumstances presented here.

Finally, both plaintiffs assert a cause of action for patent infringement and both seek monetary damages arising from ULT's alleged infringement of the same Patents, as well as an injunction prohibiting ULT from continuing to infringe. Given that Nilssen has a legitimate financial interest in the outcome of this litigation, there is no question that the plaintiffs' claims for relief involve common questions of law and of fact. Nilssen appears therefore to qualify as a proper party under the broad rule for permissive joinder under Rule 20, which allows the joinder of "[a]ll persons" who assert a right to relief relating to or "arising out of the same transaction or occurrence or series of transactions or occurrences," so long as some "question of law or fact common to all parties will arise in the action." Fed. R. Civ. P. 20(a).

Accordingly, the Court finds that under 35 U.S.C. §§ 281 and 100(d) and Rule 20 of the Federal Rules of Civil Procedure, Nilssen has a legitimate interest at stake in this litigation and is a proper party. ULT is in no way prejudiced by Nilssen's participation in this lawsuit, and denial of ULT's motion will not

---

[4]See, e.g., Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA, 944 F.2d 870, 875 (Fed. Cir. 1991); Rude v. Westcott, 130 U.S. 152, 162–63 (1889) (retention of portion of "sales, royalties, or settlements, or other sources" does not limit the assignment of patent).

cause the parties to suffer a delay or incur any additional expense. The Court reaches this holding without deciding whether the Agreement between Nilssen and Geo should be considered a license or an assignment, since that question is not dispositive of the issue presented.

## III. CONCLUSION

For the reasons set forth above, ULT's motion to dismiss all claims asserted by Ole K. Nilssen on the grounds that Nilssen is not a real party in interest will be DENIED. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge



Case 3:04-cv-00080 Document 106 Filed 08/15/05 Page 11 of 11 PageID #: 22