IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OLE K. NILSSEN and<br>GEO FOUNDATION, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL LIGHTING TECHNOLOGIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:04-0080<br>)<br>) Judge Thomas A. Wiseman, Jr.<br>)<br>) |

**MEMORANDUM OPINION**

Defendant Universal Lighting Technologies, Inc. ("ULT") has filed a Motion to Stay these proceedings (Doc. No. 148) pending the patent reexamination proceedings before the United States Patent and Trademark Office ("PTO"). Plaintiffs Ole K. Nilssen and Geo Foundation, Ltd. do not oppose the Motion to Stay, but they request (1) that the Court schedule a status conference six months after entry of the stay in order to assess at that time whether to lift or maintain the stay and (2) that Plaintiffs be permitted to depose Defendant's expert witness, Robert Burke, "on certain issues common to both this litigation and the reexamination proceedings." (Doc. No. 155, at 2.) In its Reply brief (Doc. No. 158), Defendant opposes Plaintiffs' request on the basis that the proposed deposition would wastefully and unnecessarily increase the costs of the litigation and that Plaintiffs will not be prejudiced by postponing the deposition until after the Stay is lifted.

**I.  Background**

Defendant moves to stay this case pending *ex parte* reexamination by the PTO of the four remaining patents at issue in this case (U.S. Patent Nos. 5,341,067 (the " '067 Patent"); 5,432,409 (the " '409 Patent"); 5,416,386 (the " '386 Patent"); and 5,481,160 (the " '160 Patent")), and further pending resolution of the bench trial in the case Ole K. Nilssen and Geo Foundation, Ltd. v. Osram Sylvania, Inc. and Osram Sylvania Products, Inc., United States District Court for the Northern District of Illinois, Civil Action No. 01 CV 3585 (the "Osram Case"). Both parties in the case at bar agree that the reexamination proceedings are likely to narrow the issues in the present case, in which event a stay of these proceedings could result in substantial savings of time, money, and resources.

Osram Sylvania, Inc. ("Osram"), a defendant in the Osram Case, filed requests in April and May,

2005 for *ex parte*[1] reexamination of the '386 Patent and the '067 Patent. In July 2005, the PTO issued orders granting both requests for reexamination. On November 23, 2005, Universal filed its own requests with the PTO to reexamine the '386, '409, and '160 Patents. The PTO is expected to issue an order ruling on the requests to reexamine by or before the end of February 2006. See 35 U.S.C. § 303(a). Assuming the requests are granted, the reexamination proceedings "will be conducted with special dispatch." 37 C.F.R. § 1.550(a).

## II. Discussion

### A. The Motion to Stay

A reexamination proceeding is an administrative process by which the PTO may resolve issues of patent validity based on questions of prior art not considered during the initial patent examination process. Any person can file a request for a reexamination, and the PTO determines whether a substantial new question of patentability exists. If it finds that a new question is presented, the PTO will grant the request to reexamine the patent. See 35 U.S.C. §§ 301–07 and 37 C.F.R. § 1.510; Bausch & Lomb Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 952 (W.D.N.Y.1996). One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the PTO ), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding). Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir.), cert. denied, 464 U.S. 935 (1983); Ingro v. Tyco Indus., Inc., 1985 WL 1649 at *1, 227 U.S.P.Q. (BNA) 69, 71 (N.D. Ill. 1985). The procedure was intended "to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts . . . ." Digital Magnetic Systems, Inc. v. Ansley, 1982 WL 52160, at *1, 213 U.S.P.Q. (BNA) 290 (W.D. Okla. 1982).

Generally speaking, "the power to stay proceedings in incidental to the power inherent in every federal court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 265 (1936). Further, there

---

[1] If the reexamination is *ex parte*, the requester is precluded from participating in the proceedings.

is no question that a district court in which an infringement action has been filed has the power and discretion to stay patent infringement cases pending the outcome of a reexamination by the PTO, even though the reexamination procedure does not provide for an automatic stay of pending district court proceedings. See H.R. Rep. No. 1307 Part 1, 96th Cong., 2nd Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463; Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

The Court will exercise its discretion in this case to grant the stay, despite the fact that the PTO has not yet determined whether to reexamine two of the four patents at issue, on the grounds that neither party opposes the stay, no party will be prejudiced by the stay, and a stay will further the interests of judicial and party economy and may allow the Court to avail itself of the PTO's expertise in evaluating the validity of the patents. Either party may file a motion to lift the stay at any time, and the Court will order a status conference within six months to assess the continuing necessity for a stay.

### B. Plaintiffs' Request To Depose Robert Burke

The Scheduling Order provided that expert discovery was to have been completed by August 26, 2005 (Doc. No. 93). The dispositive motion deadline was subsequently extended by order entered July 1, 2005 (Doc. No. 101), but no other deadlines were affected by that change. Because Plaintiffs permitted Defendant to depose their expert well after the expert discovery deadline expired, the Court will not hold the parties to that deadline when and if the stay of this matter is lifted. Regardless, the Court finds that Plaintiffs' request to take the deposition of Defendant's expert, Robert Burke, is not properly before it in the form of a motion, and that Plaintiffs have not otherwise made a serious effort to depose Mr. Burke, for instance by noticing his deposition or issuing a subpoena. Clearly, if they had needed to take Mr. Burke's deposition in order to draft or respond to the pending Motions for Summary Judgment, they would have done so.

Now however, Plaintiffs seek to depose Mr. Burke solely on the basis that his testimony might provide valuable and material evidence that should be considered by the PTO in the reexamination proceedings. The Court agrees with Defendant that the potential ability to use Mr. Burke's deposition testimony in unrelated proceedings is not a valid basis for requesting his deposition in this case after entry of a stay. If this litigation were not pending, Plaintiffs would have no basis for requesting the

3

deposition of Mr. Burke. Further, they have not claimed actual prejudice resulting from the fact that Defendant was able to depose Plaintiffs' expert. In fact, if the PTO grants Defendant's requests for reexamination, the PTO's own rules and procedures will govern the reexamination and the scope of information that can be submitted by the parties or relied upon by the PTO in reaching its decision. Under those rules, Plaintiffs will have the opportunity to respond to and rebut Mr. Burke's declaration (submitted in conjunction with Defendant's requests to the PTO) by submitting test results and declarations of their own under 37 C.F.R. §§ 1.530(c) and 1.550(b).

Further, depending upon the outcome of the reexamination, the Court will likely be required to permit the parties to completely re-open expert discovery, including the re-submission of Rule 26 expert disclosures, to address any changes in the scope of this litigation. Permitting the deposition of Mr. Burke now, in light of the stay, would likely involve a waste of time, money, and energy.

## III. Conclusion

A limited stay of these proceedings is appropriate pending the PTO's reexamination of two and possibly all four of the patents at issue in this case. However, Plaintiffs' request to depose Robert Burke despite entry of the stay is not well taken and will be denied.

An appropriate Order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

4